IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D'METRUIS WOODWARD, | ) | |
|     Plaintiff, | ) | Civil Action No. 17-55Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| BRADFORD REGIONAL MEDICAL | ) | |
| CENTER, et al, | ) | |
|     Defendants. | ) | |

## **MEMORANDUM OPINION**[1]

United States Magistrate Judge Susan Paradise Baxter

## I.     INTRODUCTION

###     A.     Relevant Procedural and Factual History

Plaintiff D'Metruis Woodward, initiated this *pro se* action on February 24, 2017, by submitting for filing a motion for leave to proceed *in forma pauperis* accompanied by a complaint, in the District Court of New Jersey.

Judge Noel L. Hillman ordered that the case be transferred to the Western District of Pennsylvania. ECF No. 2. The case was then transferred to this district and assigned to the Erie Division on February 28, 2017.

As Defendants to this action, Plaintiff names Bradford Regional Medical Center, the Federal Bureau of Prisons, Correctional Officer Frantz, Emergency Medical Technician Robert

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. ECF No. 11; ECF No. 38; ECF No. 39; ECF No. 53.

Mosher and Dr. Brian Walters. Plaintiff's complaint alleges that Defendants were deliberately indifferent to Plaintiff's medical needs, and delayed necessary treatment during his incarceration at the Federal Correctional Institution, McKean ("FCI – McKean"). As relief, Plaintiff seeks a declaration that the acts and omissions of Defendants constitute a violation of his constitutional rights, as well as monetary damages.

Defendant Dr. Walters has filed a motion to dismiss [ECF No. 26]; Defendant Bradford Regional Medical Center has filed a motion to dismiss [ECF No. 29]; Defendants Frantz and Mosher, both employees of the Federal Bureau of Prisons, have filed a motion to dismiss or in the alternative, motion for summary judgment [ECF No. 31]. Later, Bradford Regional Medical Center and Dr. Walters filed motions for summary judgment arguing that Plaintiff failed to file a Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 as to his potential professional liability claims[2]. ECF No. 40; ECF No. 47.

Following the filing of the motions to dismiss, this Court ordered Plaintiff to respond to Defendants' motions, and advised Plaintiff of the possibility that this Court may consider Defendants' alternative request for entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010).

---

[2] Even after a thorough reading of the complaint with an eye toward the liberality with which we must afford a *pro se* litigant, this Court does not read Plaintiff's complaint as attempting to state a claim of professional negligence under state law. A reading of Plaintiff's "Traverse" confirms that Plaintiff is only seeking relief for the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983. See ECF No. 35, Plaintiff's Traverse, page 1 ("In this action brought only pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendants Bradford Medical Center, Federal Bureau of Prisons, Correctional Officer Frantz, Robert Mosher (EMT-P), and Brian Walters (DO) violated his civil rights guaranteed by the Eighth Amendment by 'denying him adequate medical cared based on the fact that the hospital did not provide proper medical treatment.'"). The motions for summary judgment are moot and will be dismissed.

Plaintiff filed an opposition brief addressing some of the pending dispositive motions. ECF No. 35. Accordingly, these motions are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001); see e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences when appropriate.

#### 2. Motion to Dismiss

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true.

3

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Emps' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 146 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McTernan v. City of York, Pa., 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d ed. 2004). Although the United States Supreme Court ("Supreme Court") does "not require heightened pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-528, 2008 WL 482469, at *1 (D. Del. Feb. 19, 2008) quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

4

evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases. To determine the sufficiency of a complaint under Twombly and Iqbal, the court must follow three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323, quoting Fed. R. Civ. P. 56.

5

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330; see also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id.; see also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 381 F. App'x 211, 213 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.") (internal citation omitted).

### C. Plaintiff's Allegations

Plaintiff alleges that around February 14, 2016, he began experiencing pain in his left groin area. Plaintiff alleges he was seen by BOP medical staff. Plaintiff gave a urine specimen which tested negative for blood and Plaintiff was given Percocet and ibuprofen for the pain.

The following day, Plaintiff's pain was worse and he request to see medical personnel, but was allegedly ignored.

On Monday, February 16, 2016, a nurse "came in I told her about my leg and she told if I was in the same pain tomorrow on 2/17/16." ECF No. 8, pages 5-6. Plaintiff alleges that on the same day Warden Rectinwald was in the SHU and Plaintiff approached her and explained his situation whereupon Rectinwald directed medical personnel to examine Plaintiff. Plaintiff then had to be carried out of his cell by two guards and taken to the medical department. After this

examination, Plaintiff alleges he was diagnosed with a DVT blood clot and was escorted to the hospital.

Plaintiff alleges that on February 17, 2016, he presented to the Bradford Regional Medical Center via wheelchair and with pain, swelling and tenderness in his left leg. Dr. Walter told Plaintiff he had a Deep Vein Thrombosis and needed to take a blood thinner for six months. Plaintiff claims that Dr. Walter administered "an inaccurate amount of blood thinner" which "caused a blood clot to break free, which started to forward a passage to his lungs." Plaintiff claims that he needed to be treated by another specialist in New Jersey around October 2016. Plaintiff explains that this specialist prescribed a different amount of blood thinner and stated that Plaintiff has a "left leg extremity and that he will be on medication for life."

Plaintiff claims that the Bradford Regional Medical Center denied him medical care as it did not provide proper medical treatment. Plaintiff claims that the hospital is legally responsible for the overall procedures it administered when it gave Plaintiff an inaccurate amount of blood thinner which caused Plaintiff's leg to worsen.

Plaintiff claims that Dr. Walters, who is employed by Bradford Regional Medical Center, caused irreversible damage to Plaintiff's health.

Plaintiff's complaint is very specific in that it seeks to hold all Defendants liable for the violation of constitutional rights and not under any statutory authority.[3] See ECF No. 1 ("This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. […] Woodward understands that

---

[3] Just as this Court does not construe Plaintiff's factual allegations to include any professional liability claims, it does not find any claim under the Federal Tort Claims Act against the United States.

7

in order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

### D. The Motions to Dismiss filed by the Bradford Regional Medical Center and Dr. Walters

Defendants Bradford Regional Medical Center and Dr. Walters move for dismissal, inter alia, arguing that they cannot be liable under 42 U.S.C. § 1983.

Plaintiff asserts his claims against all Defendants under 42 U.S.C. § 1983, a civil rights law that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law. In order to state a viable cause of action under § 1983, a plaintiff must allege sufficient facts to support the plausibility of two essential elements: "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011) citing Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). The focus of § 1983 is the "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Monroe v. Pape, 365 U.S. 167, 184 (1961). It follows, then, that any action brought pursuant to § 1983 is not available against federal actors, Couden v. Duffy, 446 F.3d 483 (3d Cir. 2006), and liability will not attach under § 1983 for actions taken under federal law. Brown v. Phillip Morris, 250 F.3d 789, 800 (3d Cir. 2001). Moreover, the "color of state law" requirement of § 1983 excludes "'merely private conduct, no matter how discriminatory or wrongful.'" Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

Plaintiff's constitutional claims are brought pursuant to the Supreme Court's decision in Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, "[the Supreme Court] recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Serv. v. Malesko, 534 U.S. 61, 66 (2001). Thus, a Bivens action "permits damage suits against federal employees mirroring those filed against state actors pursuant to 42 U.S.C. § 1983." Bennett v. Bennett, 2008 WL 1969282, at *2 (W.D.Pa. May 6, 2008). However, Bivens liability is more restricted than liability under § 1983. In particular, under circumstances analogous to this case, the Supreme Court has declined to acknowledge a Bivens cause of action against private actors who contract with government entities. See Minneci v. Pollard, 565 U.S. 118, 125 (2012) (holding that prisoner at federal facility operated by a private company could not assert a Bivens claim for damages against employees of the facility based on alleged Eighth Amendment violations); Malesko, 534 U.S. at 63 (holding that plaintiff was unable to maintain a cognizable Bivens action against a private halfway house that contracted with the BOP). See also Jean-Jacques v. Moshannon Valley Correctional Center, 2016 WL 4032884, at *4 (W.D.Pa. July 1, 2016) (holding that Geo Group is still a private actor and is not subject to liability under Bivens, despite operating under contract with the BOP, a federal authority).

Plaintiff cannot maintain a viable Bivens cause of action against either the Bradford Regional Medical Center or Dr. Walters, as both are considered private, not federal, actors. The motions to dismiss filed by each of these Defendants will be granted in this regard.

### E. The Motion filed by the Federal Defendants

#### 1. The Prison Litigation Reform Act

The PLRA's requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed by a prisoner prior to filing an action regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001).[4] The exhaustion requirement is not a technicality, rather it is federal law that federal district courts must follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[5] The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . .."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83.

---

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) (". . . [W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[5] There is no futility exception to the administrative exhaustion requirement. Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.").

### 2. The Administrative Process Available to Bureau of Prisons' Inmates

Under the Bureau of Prisons' regulations, an inmate must first attempt to informally resolve any dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may raise his complaint to the Warden of the institution in which he is confined, within twenty calendar days of the date that the basis of the complaint occurred. 28 C.F.R. § § 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § § 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel for the Federal Bureau of Prisons within thirty calendar days from the date of the Regional Director's response. Id.

### 3. Plaintiff's Utilization of the Administrative Process

Defendants have provided evidence that Plaintiff has not filed any grievance during or about his incarceration at FCI McKean. ECF No. 32-1, Declaration of Ondreya Barksdale, Paralegal Specialist of the Bureau of Prisons. Plaintiff has not produced any evidence (or argument) to the contrary as he must in the face of a well-supported motion for summary judgment. See Celotex. Accordingly, the motion for summary judgment will be granted in favor of the federal Defendants.

An appropriate Order will follow.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: March 23, 2018